UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YINUSA SAHEED OLANREWAJU,

Petitioner,

v.

NORBIL VASQUEZ et al.,

Respondents.

Case No. 1:26-cv-2290

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) The Court grants Petitioner leave to proceed *in forma pauperis* in this action. (ECF No. 2.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**Discussion**

**I. Procedural History**

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Elizabeth Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.14.) In an Order entered on August 11, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus should not be granted. (Order, ECF No. 5.) Respondents filed their response and

a recording of the October 22, 2025, and November 3, 2025, bond hearings on August 14, 2026, (Resp., ECF No. 7; Recording of Oct. 22, 2025, Bond Hearing, and Nov. 3, 2025, Bond Hearing, filed on Aug. 14, 2026).

## II. Relevant Factual Background

Petitioner is a citizen of Nigeria who entered the United States in 2019. (Pet., ECF No. 1, PageID.8; Notice to Appear (NTA), ECF No. 7-1, PageID.79.) On April 8, 2025, ICE arrested Petitioner. (NTA, ECF No. 7-1, PageID.79.)

On October 22, 2025, and November 3, 2025, Petitioner received a bond hearing pursuant to § 1226(a).[1] (Oct. Immigration Judge Order, ECF No. 7-2, PageID.83; Nov. Immigration Judge Order, ECF No.7-5, PageID.88.) At the conclusion of the November 3, 2025, hearing, the immigration judge denied Petitioner's request for bond, stating: "The court here is finding that as for the dangerous analysis, for the bond proceedings, the [Petitioner] is going to fail to meet his burden of proof on a rape charge pending in another country." (Recording of Nov. 3, 2025, Bond Hearing, at 14:08–14:21, filed on Aug. 14, 2026.) In his written order, the immigration judge stated Petitioner's bond request was denied because Petitioner posed a "[d]anger to the community." (Nov. Immigration Judge Order, ECF No.7-5, PageID.88.)

On November 13, 2025, the Elizabeth Immigration Court denied Petitioner's asylum application and ordered that Petitioner be removed to Nigeria. (Nov. 13, 2025, Order Immigration

[1] At the October 22, 2025, bond hearing, the Immigration Judge granted Respondents' request during the hearing for additional time to review Petitioner's exhibits. (Recording of Oct. 22, 2025, Bond Hearing, at 13:11–13:18, filed on Aug. 14, 2026.) The bond hearing concluded on November 3, 2025. (Nov. Immigration Judge Order, ECF No.7-5, PageID.88.)

Judge, ECF No. 7-6.) Petitioner filed an appeal with the Board of Immigration Appeals, which remains pending. (*See* Pet., ECF No. 1, PageID.2; Resp., ECF No. 7, PageID.65.)[2]

## III. Analysis

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## IV. Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

## <u>Conclusion</u>

The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's Opinion and Judgment to certify compliance with this Opinion and the corresponding Judgment.

[2] The parties indicate that Petitioner's appeal to the BIA remains pending. Therefore, based on the information presented by the parties in this action, there is no indication in the record before the Court that Petitioner's removal order is administratively final. Therefore, § 1226(a) governs Petitioner's detention.

The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated: August 20, 2026

/s Jane M. Beckering
Jane M. Beckering
United States District Judge