UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YINUSA SAHEED OLANREWAJU,

Petitioner,

v.

NORBIL VASQUEZ et al.,

Respondents.

Case No. 1:26-cv-2290

Honorable Jane M. Beckering

# ORDER

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Pet., ECF No. 1.) On August 20, 2026, the Court entered an Opinion and Judgment conditionally granting Petitioner's § 2241 petition and directing:

> Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will bear the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody… [and] to file a status report within six business days of the date of this Court's Opinion and Judgment to certify compliance with this Opinion and the corresponding Judgment.

(Op. & J., ECF Nos. 9, 10). In accordance with this Opinion and Judgment, on August 27, 2026, Respondents filed a status report stating that Petitioner received an individualized bond hearing on August 26, 2026. (Status Report, ECF No. 11, PageID.114; Immigration Judge Order, ECF No. 11-1, PageID.119.)

This matter is now before the Court on Petitioner's motion to enforce the Court's Judgment (ECF No. 13.) Among other things, Petitioner argues he did not receive 24 hours' notice of the bond hearing as directed by the Court in the Opinion and Judgment. (*Id.*, PageID.132.) Specifically, Petitioner asserts that he received notification of the bond hearing by mail at 3:00PM on August 25, 2026, less than 24 hours before the August 26, 2026, 8:30AM bond hearing. (*Id.*; *see also* Incoming Legal Mail Log, ECF No. 13-1, PageID.148 (showing the date received by the facility and detainee, but not the time).)

In opposition to the motion, Respondents argue the notice requirement was met when "[Executive Office of Immigration Review] court staff electronically served Petitioner's counsel of record with notice of this hearing on August 20, 2026–six days prior to the hearing." (Opp'n to Mot., ECF No. 14, PageID.151 (internal citation omitted).) Respondents claim Petitioner's attorney of record moved to withdraw on the day of, not any day prior to, the August 26, 2026, bond hearing. (*Id.*; *see also* Recording of Aug. 26, 2026, Bond Hearing, at 00:15–00:32, filed on Sep. 21, 2026 ("[Y]our attorney stopped by a few minutes ago and indicated that she does not represent you on your bond hearing anymore, that you did this on your own. . .").) In addition, Respondents assert that they "sent notice of the hearing to Petitioner via FedEx on August 21, 2026, which was delivered to the North Lake Processing Center on August 24, 2026 [at 1:19PM]." (Opp'n to Mot., ECF No. 14, PageID.151; FedEx Delivery, ECF No. 14-3, PageID.161.)

In response, Petitioner asserts that the government should have known his previous pro bono attorney had stopped representing him in November 2025, as Petitioner had proceeded in numerous other immigration court matters *pro se* since that time. (*See* Traverse, ECF No. 16, PageID.167–168.) As for documentary evidence of his previous pro bono attorney's withdrawal,

Petitioner provides a November 20, 2025, letter from the attorney stating that they would not represent him for a bond appeal. (Letter, ECF No. 16-1, PageID.175.)

Before ruling on Petitioner's post-judgment motion, the Court concludes that further information is needed regarding Petitioner's pro bono attorney's withdrawal from representing Petitioner in immigration bond hearing proceedings. Accordingly,

**IT IS ORDERED** that within three business days, Respondents shall submit a written response and any written records showing if and when Petitioner's pro bono attorney withdrew from representing Petitioner in immigration bond hearing proceedings. Within three business days of Respondents' response, Petitioner may also submit a written response and any written records showing if and when Petitioner's pro bono attorney withdrew from representing Petitioner in immigration bond hearing proceedings. If the parties do not have any written records of this withdrawal, they shall indicate why that is the case. No further briefing will be permitted at this time.

Dated: October 28, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge