UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YINUSA SAHEED OLANREWAJU,

Petitioner,

v.

NORBIL VASQUEZ et al.,

Respondents.

Case No. 1:26-cv-2290

Honorable Jane M. Beckering

# ORDER

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center in Baldwin, Lake County, Michigan, initiated this action on August 10, 2026, by filing a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) In an Opinion and Judgment entered on August 10, 2026, the Court conditionally granted Petitioner's § 2241 petition. (Op. & J., ECF Nos. 9, 10.) This matter is now before the Court on Petitioner's motion to enforce the Court's prior Judgment (ECF No. 13). For the following reasons, the Court will grant Petitioner's motion to enforce judgment (ECF No. 13) and order Respondents to provide Petitioner with another bond hearing under 8 U.S.C. § 1226(a) within five business days.

## I. Relevant Procedural History and Factual Background

Petitioner initiated this case by filing a § 2241 petition challenging the constitutionality of his detention following an order issued by the Elizabeth Immigration Court denying him bond. (Pet., ECF No. 1.) In an Opinion and Judgment entered on August 20, 2026, the Court conditionally

granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to, *inter alia*,

> provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody.

(Op., ECF No. 9; *see also* J., ECF No. 10.)

On August 26, 2026, Petitioner was provided with a bond hearing in the Detroit Immigration Court. (Immigration Judge Order, ECF No. 11-1, PageID.119.) At that hearing, the Immigration Judge determined that, "[t]he government has established that [Petitioner] is a danger to the community and a flight risk by clear and convincing evidence." (*Id.*)

On September 14, 2026, Petitioner filed a motion to enforce judgment. (Mot., ECF No. 13.) In the motion to enforce judgment, Petitioner argues, among other things, that Petitioner did not receive 24 hours' notice of the bond hearing as directed by the Court in the Opinion and Judgment. (*Id.*, PageID.132.) Specifically, Petitioner asserts that he received notification of the bond hearing by mail at 3:00PM on April 25, 2026, less than 24 hours before the August 26, 2026, 8:30AM bond hearing. (*Id.*; *see also* Incoming Legal Mail Log, ECF No. 13-1, PageID.148 (showing the date received by the facility and detainee, but not the time).)

In opposition to the motion, Respondents argue the notice requirement was met when "[Executive Office for Immigration Review] court staff electronically served Petitioner's counsel of record with notice of this hearing on August 20, 2026–six days prior to the hearing." (Opp'n to Mot., ECF No. 14, PageID.151 (internal citation omitted).) Respondents claim Petitioner's attorney of record moved to withdraw on the day of, not any day prior to, the August 26, 2026, bond hearing. (*Id.*; *see also* Recording of Aug. 26, 2026, Bond Hearing, at 00:15–00:32, filed on

Sep. 21, 2026 ("[Y]our attorney stopped by a few minutes ago and indicated that she does not represent you on your bond hearing anymore, that you did this on your own. . .").) In addition, Respondents assert that they "sent notice of the hearing to Petitioner via FedEx on August 21, 2026, which was delivered to the North Lake Processing Center on August 24, 2026 [at 1:19PM]." (Opp'n to Mot., ECF No. 14, PageID.151; FedEx Delivery, ECF No. 14-3, PageID.161.)

In response, Petitioner asserts that the government should have known his previous pro bono attorney had stopped representing him in November 2025, as Petitioner had proceeded in numerous other immigration court matters *pro se* since that time. (*See* Traverse, ECF No. 16, PageID.167–168.) As for documentary evidence of his previous pro bono attorney's withdrawal, Petitioner provides a November 20, 2025, letter from the attorney stating that they would not represent him for a bond appeal. (Letter, ECF No. 16-1, PageID.175.)

On October 28, 2026, the Court entered an Order directing Respondents to submit a written response and any written records showing if and when Petitioner's pro bono attorney withdrew from representing Petitioner in immigration bond hearing proceedings. (ECF No. 17.) On November 2, 2026, Respondents submitted their response, stating:

> [Executive Office for Immigration Review ("EOIR")] records show an EOIR-28 Notice of Entry of Appearance as Attorney for Pina N. Cirillo of the Immigration Rights Clinic of Rutgers Law School, dated August 13, 2025. EOIR records show no Motion to Withdraw by this counsel.
>
> Consequently, Respondents have no written records of Attorney Cirillo's withdrawal. However, in light of Petitioner's allegation that he did not personally receive adequate notice of his bond hearing, Respondents are willing to provide Petitioner with another hearing. Respondents have requested a new bond hearing and are waiting for a new notice of hearing to issue, which they will directly serve on Petitioner.

(Suppl. Resp., ECF No. 18, PageID.186 (internal citations omitted).)

## II. Discussion

In the motion to enforce judgment, Petitioner asserts, *inter alia*, that Respondents did not comply with the 24-hour notice requirement of the Court's August 20, 2026, Judgment because he was proceeding *pro se* in the bond hearing and, contrary to the Court's Judgment, he received notice of the hearing less than 24 hours before the hearing. (Mot., ECF No. 13, PageID.132.)

In Respondents' initial response to the motion to enforce judgment, Respondents state that Petitioner's attorney of record moved to withdraw on the day of the August 26, 2026, bond hearing, and Respondents argue the notice requirement was met when "[Executive Office for Immigration Review] court staff electronically served Petitioner's counsel of record with notice of this hearing on August 20, 2026–six days prior to the hearing." (Opp'n to Mot., ECF No. 14, PageID.151 (internal citation omitted); *see* Recording of Aug. 26, 2026, Bond Hearing, at 00:15–00:32, filed on Sep. 21, 2026 ("[Y]our attorney stopped by a few minutes ago and indicated that she does not represent you on your bond hearing anymore, that you did this on your own. . .").) Then, although in their initial response Respondents indicated that Petitioner's attorney withdrew on the day of the bond hearing, in Respondents' supplemental response, Respondents state that "EOIR records show no Motion to Withdraw by this counsel." (Suppl. Resp., ECF No. 18, PageID.186 (internal citations omitted).) Respondents do not address the inconsistencies between their representations in their initial response to the motion to enforce judgment and in their supplemental response. (*See* Suppl. Resp., ECF No. 18.) However, in Respondents' supplemental response, they state that "Respondents are willing to provide Petitioner with another hearing" "in light of Petitioner's allegation that he did not personally receive adequate notice of his bond hearing." (*Id.*, PageID.186.)

Under these circumstances, the Court **GRANTS** Petitioner's motion to enforce judgment (ECF No. 13), and the Court orders Respondents to provide Petitioner with a bond hearing under

8 U.S.C. § 1226(a), at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days of the date of this Court's Order, with notice to the Parties, including direct notice to Petitioner, as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court also orders Respondents to file a status report within six business days of the date of this Court's Order to certify compliance with this Order. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

**IT IS SO ORDERED**.

Dated: November 12, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge